UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TJ CREATIVE, INC. )<br>(d/b/a SPORTSHEETS INTERNATIONAL, INC.) )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>THE STOCKROOM, INC. )<br>)<br>)<br>      Defendant. ) | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

TJ Creative, Inc. (d/b/a Sportsheets International, Inc.), for its Complaint against defendant The Stockroom Inc. (also d/b/a Kinklab), alleges as follows:

## THE PARTIES

1. TJ Creative, Inc. ("Sportsheets") is a California corporation, and maintains its principal place of business at 7436 Lorge Circle, Huntington Beach, California 92647.

2. The Stockroom Inc. ("Defendant") is, on information and belief, a California corporation, and maintains a place of business at 2807 West Sunset Blvd, Los Angeles, California 90026.

## JURISDICTION AND VENUE

3. This is an action seeking remedies for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1114(a) and § 1125(c); for violation of the Illinois Uniform Deceptive Trade Practices Act under 815 ILCS 510/1, and common law trademark infringement and unfair competition under Illinois and/or California law.

4. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(a) and (b) because it involves an action arising under the Lanham Act. This court also has jurisdiction under 28 U.S.C. §1367.

5. Venue is proper in this judicial district under 28 U.S.C. §1391(b) because a substantial part of the activities giving rise to the claims alleged herein occurred and are occurring in this judicial District. Upon information and belief, Defendant conducts regular business within this District.

## NATURE OF THE CASE

6. Sportsheets brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its UNDER THE BED RESTRAINT SYSTEM trademark and brand. Sportsheets has used its UNDER THE BED RESTRAINT SYSTEM trademark since at least as early as March 31, 2005 in connection with its well-known adult novelty products.

7. As set forth in greater detail below, without Sportsheets' authorization or consent and with full knowledge and willful disregard of Sportsheets' prior rights in its federally-registered UNDER THE BED RESTRAINT SYSTEM trademark, Defendant is and has been using the confusingly similar mark BEDSPREAD **UNDER BED** BONDAGE STRAPS and KINKLAB BEDSPREAD **UNDER BED** BONDAGE STRAPS in connection with Defendant's adult novelty products. Defendant, therefore, has created circumstances whereby members of the public and trade are likely to be led to, and have been led to, believe incorrectly that Defendant and its products are authorized by, sponsored by, or affiliated with Sportsheets and its well-known UNDER THE BED RESTRAINT SYSTEM mark and adult novelty products.

**COMMON ALLEGATIONS**

**(Plaintiff's Businesses and Mark)**

8. Sportsheets is a leader in the design, development, and branding of a wide variety of products in the adult novelty items and adult products industry.

9. Prior to the actions of Defendant alleged herein, Sportsheets adopted and has since continuously used the UNDER THE BED RESTRAINT SYSTEM trademark in connection with its adult novelty products. Indeed, Sportsheets distributes and sells products throughout the world under the UNDER THE BED RESTRAINT SYSTEM trademark and brand, which is and has been one of Sportsheets' most important trademarks and brands for many years.

10. Among other means of promotion, Sportsheets' promotes its UNDER THE BED RESTRAINT SYSTEM-branded adult novelty products on its website at <www.sportsheets.com>, which is accessible worldwide, in trade magazines, and through retail outlets throughout the United States.

11. For many years, and prior to Defendant's unauthorized adoption and use of its confusingly similar mark, Sportsheets has devoted significant time, effort and resources to marketing and promoting adult novelty products under and in connection with its UNDER THE BED RESTRAINT SYSTEM trademark, establishing both common law rights as well as rights under the Lanham Act.

12. As a result of Sportsheets' use and extensive promotion of its UNDER THE BED RESTRAINT SYSTEM trademark in connection with adult novelty products, the UNDER THE BED RESTRAINT SYSTEM trademark has become well-known and recognized by the public as identifying and distinguishing Sportsheets' high quality adult novelty products. This consumer

goodwill and recognition in the UNDER THE BED RESTRAINT SYSTEM trademark constitutes one of Sportsheets' most valuable assets. Accordingly, the integrity of Sportsheets' UNDER THE BED RESTRAINT SYSTEM trademark is extremely important to Sportsheets, and crucial to the continued vitality and growth of its business.

13. To further protect its mark, Sportsheets has obtained a federal trademark registration for the UNDER THE BED RESTRAINT SYSTEM trademark for use with "sexual aids for enhancement of sexual pleasure and performance, namely, fabric wrist-cuffs and fabric ankle cuffs with small metal attachments, and fabric anchors with small metal attachments, all for use alone or in combination with other devices for sexual positioning and role playing." See Registration No. 4,669,665. A copy of the Trademark Office record of this registration is attached hereto as Exhibit A.

**(Defendant's Misappropriation of Sportsheets' Mark)**

14. Like Plaintiff, Defendant makes and sells adult novelty products. Defendant promotes and sells a wide variety of adult novelty products online through its website (located at www.stockroom.com), in trade magazines, and at retail stores throughout the United States, including many located in Chicago, Illinois.

15. Around October 2015, and over ten years after Sportsheets began using its UNDER THE BED RESTRAINT SYSTEM trademark, Sportsheets became aware that Defendant was making and selling a product under the mark BEDSPREAD **UNDER BED** BONDAGE STRAPS and KINKLAB BEDSPREAD **UNDER BED** BONDAGE STRAPS (the "Infringing Marks") in connection with a product identical to that with which Sportsheets uses its UNDER THE BED RESTRAINT SYSTEM. Attached hereto as Exhibit B is a printout of Defendant's website depicting one of the Infringing Marks.

16. When Sportsheets became aware of Defendant's use of the Infringing Marks, Sportsheets provided a cease and desist letter to Defendant demanding that Defendant remove all internet references of at least one of the Infringing Marks, collect and destroy all remaining inventory of products bearing such Infringing Mark, and agree to never offer any products bearing the Infringing Mark in the future. Sportsheets also called Defendant to explain Sportsheets' concern with Defendant's unauthorized use of such Infringing Mark and in response, Defendant represented that it would change the name of the product bearing such Infringing Mark.

17. Notwithstanding Sportsheets' demands and Defendant's assurances, Defendant continued to and continues to use and promote adult novelty products under the Infringing Marks. Specifically, in April 2016, Defendant ran an advertisement in a trade magazine for a product bearing at least one of the Infringing Marks, a copy of which is attached hereto as Exhibit C. UNDER BED BONDAGE STRAPS-branded product is currently being offered for sale online, and at retail stores, including on Amazon.com and at The Pleasure Chest, which is located in Chicago, Illinois. A printout of the product listing on Amazon.com is attached hereto as Exhibit D, and a printout of The Pleasure Chest website featuring the Infringing Mark is attached hereto as Exhibit E.

18. Despite Sportsheets' repeated demands that Defendant cease use of at least one of the Infringing Marks, Defendant has ignored or refused to comply with Sportsheets' demands. Defendant's knowledge of Sportsheets' prior use of the UNDER THE BED RESTRAINT SYSTEM trademark and blatant disregard of Sportsheets' intellectual property rights underscores Defendant's bad faith and intentional misconduct.

19. Accordingly, there is no question that Defendant's ongoing and unauthorized use

of the Infringing Mark is intentional and done with actual knowledge of Sportsheets' prior use of the UNDER THE BED RESTRAINT SYSTEM trademark and with the intent to trade on the goodwill associated therewith.

20. Defendant's unauthorized use of the Infringing Marks is likely to confuse members of the public in that it will lead and has lead the public to believe incorrectly that Sportsheets is the source of, has endorsed or approved, or is somehow legitimately associated with Defendant or its products, thereby injuring the goodwill Sportsheets has built in its UNDER THE BED RESTRAINT SYSTEM trademark.

21. In light of Defendant's use of the Infringing Marks in connection with products identical to those offered by Sportsheets under its federally-registered UNDER THE BED RESTRAINT SYSTEM trademark, and in light of Defendant's refusal to accede to Sportsheets' repeated demands to cease use of the Infringing Marks, Sportsheets had no choice but to protect its rights in its valuable UNDER THE BED RESTRAINT SYSTEM trademark through this action. All of these facts render this matter an exceptional case.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1)(a))

22. Plaintiff realleges and incorporates herein paragraphs 1 through 21 of this Complaint.

23. Defendant had actual knowledge of Sportsheets' ownership of and rights in its federally registered UNDER THE BED RESTRAINT SYSTEM trademark prior to Defendant's unauthorized use or continued unauthorized use of the Infringing Marks for adult novelty products.

24. Defendant thus has deliberately and willfully used the Infringing Marks to trade upon the widespread goodwill, reputation and selling power established by Sportsheets under its UNDER THE BED RESTRAINT SYSTEM trademark and to pass its adult novelty products and services off as those of Sportsheets.

25. Sportsheets has not consented to Defendant's use of the Infringing Marks in connection with the promotion and sale of Defendant's adult novelty products.

26. Defendant's unauthorized use of the Infringing Marks in connection with its promotion and sales of adult novelty products is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant or its products with Sportsheets and its federally-registered UNDER THE BED RESTRAINT SYSTEM trademark in violation of 15 U.S.C. §1114(1)(a).

27. Defendant's unauthorized conduct has deprived and will continue to deprive Sportsheets of the ability to control the consumer perception of its adult novelty products offered in connection with its UNDER THE BED RESTRAINT SYSTEM trademark, placing the valuable reputation and goodwill of Sportsheets in the hands of Defendant, over whom Sportsheets has no control.

28. Because Defendant had actual notice of Sportsheets' prior use of and rights in its UNDER THE BED RESTRAINT SYSTEM trademark before Defendant began using the Infringing Marks, Defendant is willfully engaged in trademark infringement in violation of the Lanham Act. Thus, the intentional nature of Defendant's conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

29. As a result of Defendant's conduct, Sportsheets has suffered substantial damage and irreparable harm to its UNDER THE BED RESTRAINT SYSTEM trademark, constituting

an injury for which Sportsheets has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, Sportsheets will continue to suffer irreparable harm.

## COUNT II

### FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

30. Plaintiff realleges and incorporates herein paragraphs 1 through 29 of this Complaint.

31. Defendant has deliberately and willfully used the Infringing Marks to trade on Sportsheets' hard-earned goodwill in its UNDER THE BED RESTRAINT SYSTEM trademark and the reputation and selling power established Sportsheets in connection with its adult novelty products, as well as to confuse consumers as to the origin and sponsorship of Defendant's adult novelty products.

32. Defendant's unauthorized and tortious conduct has also deprived and will continue to deprive Sportsheets of the ability to control the consumer perception of its products marketed under its UNDER THE BED RESTRAINT SYSTEM trademark, placing the valuable reputation and goodwill of Sportsheets in the hands of Defendant, over whom Sportsheets has no control.

33. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Sportsheets, and as to the origin, sponsorship or approval of Defendant and its goods, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

34. As a result of Defendant's conduct, Sportsheets has suffered substantial damage and irreparable harm constituting an injury for which Sportsheets has no adequate remedy at law.

Sportsheets will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## **COUNT III**

### **VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT**
### **(815 ILCS 510/1 *et seq.*)**

35. Plaintiff realleges and incorporates herein paragraphs 1 through 35 of this Complaint.

36. Defendant's actions complained of herein constitute deceptive trade practices in violation of 815 ILCS 510/2 in that they are likely to cause confusion or misunderstanding as to source, sponsorship or approval of Defendant's goods. Defendant's deceptive conduct also creates a likelihood of confusion as to the affiliation, connection or association of Defendant and its goods with Sportsheets and its well-known UNDER THE BED RESTRAINT SYSTEM trademark for its adult novelty products.

37. Because Defendant had actual notice of Sportsheets' prior use of and rights in its UNDER THE BED RESTRAINT SYSTEM trademark before Defendant began using the Infringing Marks, Defendant is willfully engaged in deceptive acts or practices in violation of Illinois law.

38. As a result of Defendant's willful conduct, Sportsheets is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendant's conduct, Sportsheets will continue to suffer irreparable harm.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT

39. Plaintiff realleges and incorporates herein paragraphs 1 through 38 of this Complaint.

40. Sportsheets is the owner of valid common law rights in its UNDER THE BED RESTRAINT SYSTEM trademark, which it has used continuously and in connection with the marketing and sale of its adult novelty products long prior to Defendant's adoption and first use of the Infringing Marks.

41. Defendant's actions complained of herein are likely to cause, confusion, mistake or deception among consumers as to an affiliation, connection or association of Defendant's products and services with Sportsheets and its UNDER THE BED RESTRAINT SYSTEM trademark, and as to the origin, sponsorship or approval of Defendant and its products and services in violation of Illinois and/or California common law.

42. Defendant's unauthorized conduct also has deprived and will continue to deprive Sportsheets of the ability to control the consumer perception of its adult novelty products offered in connection with its UNDER THE BED RESTRAINT SYSTEM trademark, placing the valuable reputation and goodwill of Sportsheets in the hands of Defendant, over whom Sportsheets has no control.

43. Because Defendant had actual notice of Sportsheets' prior use of and rights in its UNDER THE BED RESTRAINT SYSTEM trademark before Defendant began using the Infringing Marks, Defendant is willfully engaged in common law trademark infringement in violation of Illinois and/or California law.

44. As a result of Defendant's conduct, Sportsheets is likely to suffer harm, and has in fact already been injured. Unless this Court enjoins Defendant's conduct, Sportsheets will continue to suffer irreparable harm.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

45. Plaintiff realleges and incorporates herein paragraphs 1 through 44 of this Complaint.

46. Defendant's actions complained of herein constitute unfair competition in violation of Illinois and/or California common law, as the aforementioned acts constitute an intentional misappropriation of Sportsheets' UNDER THE BED RESTRAINT SYSTEM trademark, reputation and commercial advantage in which Defendant have acted with bad faith.

47. As a result of Defendant's aforesaid conduct, Sportsheets has suffered substantial damage and irreparable harm constituting an injury for which Sportsheets has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, Sportsheets will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a judgment in its favor and against Defendant as follows:

A. Declaring that Defendant has willfully infringed Sportsheets' UNDER THE BED RESTRAINT SYSTEM trademark, and has willfully engaged in deceptive trade practices and unfair competition;

B.  Preliminarily and permanently enjoining and restraining Defendant, its parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents, and distributors, and any other persons or entities acting on behalf of Defendant or with Defendant's authority, from:

(1) using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any mark, trade name, trademark, service mark, Internet domain name or other designation of origin that is comprised in whole or in part of the Infringing Marks or any other marks confusingly similar to Sportsheets' UNDER THE BED RESTRAINT SYSTEM trademark, or which include UNDER THE BED or UNDER BED; or

(2) doing any act or thing that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with Sportsheets' business, or that is likely to injure or damage Sportsheets' UNDER THE BED RESTRAINT SYSTEM trademark or business; and

C.  Requiring that Defendant:

(1) reimburse Sportsheets for all damages it has suffered due to Defendant's acts complained of herein;

(2) pay to Sportsheets exemplary and/or enhanced damages;

(3) deliver to Sportsheets' counsel for destruction all products and packaging bearing the Infringing Marks that have not been sold that are in their possession or control within twenty (20) days of the entry of the Order; and

(4) reimburse Sportsheets the costs it has incurred in bringing this action, together with its reasonable attorneys' fees and disbursements; and

D.  Awarding Sportsheets such other and further relief as this Court deems equitable.

Dated: May 19, 2016            Respectfully Submitted,

                     By:     s/James P. Muraff/
                             One of the Attorneys for Plaintiff,
                             TJ Creative, Inc. (d/b/a Sportsheets
                             International, Inc.)

James P. Muraff (ARDC# 6225693)
Kevin C. May (ARDC# 6237636)
Andrea S. Fuelleman (ARDC# 6309043)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, Illinois 60602
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

24826730.1